Judge Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br>          Plaintiff,<br><br>          v.<br><br><br>MARIO A. MARROQUIN,<br><br>          Defendant | NO. CR 09-160JLR<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br><br><u>**SENTENCING DATE**</u>:  **June 7, 2010**<br>**                    at 9:45am** |

## I.  INTRODUCTION

In June of 2006, the defendant Mario Marroquin was living in Modesto, California with his wife and their three children.  He and his family were living in the country legally, having been granted Temporary Protected Status by INS.  Mario was working, legally, in the paint manufacturing industry and, through their hard efforts, he and his wife had managed to scrape together enough money for a down payment and were paying a mortgage on their own home.

At that same time, in June of 2006, Humberto Antonio Reyes-Rodriguez (also known as Tony Reyes) was involved in a mortgage fraud/bank fraud scheme with co-defendants Alexis Ikilikyan, William Poff, and Micki S.

1

12195721-P

Bruce D. Erickson
411 University St., Suite 1200
Seattle, WA 98101

Thompson that had been going in the state of Washington for 2 years, beginning at least by the middle of 2004.

At that time, in June of 2006, out of the blue, Mario Marroquin was contacted by Tony Reyes, whom he had not seen for 17 years, since they were childhood acquaintances in El Salvador. Tony Reyes had apparently tracked Mario down and obtained his phone number through an uncle. After talking about family matters and generally renewing their acquaintance, Tony asked for and obtained the social security numbers of Mario and his wife. Reyes then submitted the social security numbers and learned that Mario and his wife had an excellent credit rating.

Very quickly, Reyes convinced Mario and his wife that they should move to Washington State where, Mario was told, Reyes was experiencing great success in the real estate business and where the economy was stronger and the opportunities were greater.

Mario trusted Tony Reyes implicitly. Tony Reyes, who was four years older than Mario, had been a preacher in a Youth Church organization in El Salvador that Mario had attended.

Mario did not speak or read English. As matters proceeded, Mario simply signed documents (written in English) that were presented and explained to him by Tony Reyes. Later, some documents with Mario's signature were forgeries.

Unbeknownst to Mario, Tony created a business called Marroquin Handyman Services and applied for and obtained a business license with the State of Washington. Later, Tony took Mario to a branch of Bank of America

2

12195721-P

Bruce D. Erickson
411 University St., Suite 1200
Seattle, WA 98101

and had Mario open a checking account in the name of Marroquin Handyman Services.    Mario understood that the money being deposited into the Marroquin Handyman Services bank account was a result of real estate commissions earned by Tony.  As Mario understood it, the money was Tony's and Mario disbursed it as directed by Tony.

Mario never in anyway produced or was aware of the invoices on Marroquin Handyman Services stationery.    Mario only learned of these invoices after he was arrested and reviewed the discovery in this case.

At the time of his arrest, Mario made a full statement of his understanding of these matters.  Later with counsel, Mario made a complete and truthful proffer to the assistant US Attorneys and the federal agents.

## II.      GUIDELINES CALCULATION

The defendant concurs in the sentencing guidelines calculation set forth in the PSR filed by probation which entails a Total Offense Level of 13 and a Criminal History Category of I, resulting in an Imprisonment Range of 12 to 18 months.

## III.   DEFENDANT'S SENTENCING RECOMMENDATION

The defendant concurs in the sentencing recommendation made by probation; that is time served with 3 years of Supervised Release with all of the conditions recommended by probation, including 120 days of home detention with electronic monitoring.

## VI.  DISCUSSION

In its Justification section of the PSI Sentencing Recommendation, the probation office states:

3

12195721-P

Bruce D. Erickson
411 University St., Suite 1200
Seattle, WA 98101

1
2
3
4
5

> Based on the consideration of the government's motion for a
> downward departure under USSG §5K1.1 and the factors set forth
> at 18 U.S.C. §3553 (a), the probation officer recommends a sentence
> of time served, with a three year term of supervised release that
> includes 120 days of location monitoring.  This sentence appears to
> adequately reflect the seriousness of the offense and hold the
> defendant accountable, while affording an adequate deterrence.

6
7
8

In two lengthy letters to the court, Mr. Marroquin attempts to explain to your honor how he feels about becoming involved in this criminal offense.  See Exhibit 1 attached to this Sentencing Memorandum.

9
10
11
12

The primary law enforcement officer involved in the investigation and prosecution of this matter, Special Agent Adam Burtt, has taken the unusual step of writing a letter of support for the defendant.  A copy of Special Agent Burtt's letter dated May 28, 2010 is attached as Exhibit 2.

13
14
15
16
17

As this Court is aware, the government has filed a motion for departure pursuant to USSG.§5k1.1.  In this memorandum the government has outlined the usefulness of Mr. Marroquin's cooperation.  This is also touched upon in the letter written by Special Agent Burtt.  The government also noted in its sentencing memorandum, at page 9:

18
19
20

> Marroquin has denied knowledge of the specific claims in the loan
> applications, which were prepared by Reyes, and his denials are
> consistent with other evidence from the investigation showing that
> Reyes filled out loan applications without consulting the
> purchasers.

21
22
23
24

As your honor is aware, Mr. Marroquin has been on Pretrial Services supervision since June 5, 2009.  Mr. Marroquin has been in full and complete compliance with all conditions of release throughout the entire year.  Although

25

4

12195721-P

Bruce D. Erickson
411 University St., Suite 1200
Seattle, WA 98101

Mr. Marroquin has been constantly seeking employment it has been very difficult to find work given the state of the economy and his limited skills in the English language.  We are happy to report that Mr. Marroquin has recently found full-time employment on the night shift, baking bread with the Sara Lee Corporation.

Documentation of his past and present employment, and his training with the Carpenters-Employers Apprenticeship and Training, with the El Centro De La Raza—Employment Program, and with the United States Soccer Federation course for soccer coaching are attached as Exhibit 3.   Finally, attached as exhibit 4 are copies of some of the academic awards received by his children as mentioned in Mr. Marroquin's letters to the court.

## VI. CONCLUSION

For all of the reasons set forth above, defense counsel respectfully urges this Court to follow the recommendation of the probation office and sentence defendant Mario Marroquin to time served to be followed by three years of supervised release, including a condition of 120 days home confinement with electronic monitoring.

Dated this 1st day of  June, 2010.

Respectfully submitted,

Bruce D. Erickson
W.S.B.A. #2005
411 University St., Suite 1200

5

12195721-P

Bruce D. Erickson
411 University St., Suite 1200
Seattle, WA 98101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Seattle, WA 98101
Telephone:  (206) 624-1200
Fax:  (206) 467-0212
E-mail:  brucederickson@hotmail.com

6

Bruce D. Erickson
411 University St., Suite 1200
Seattle, WA 98101

12195721-P